

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANAS ADEN MOHAMED,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of the Otay Mesa Detention Facility, San Diego, California, in his official capacity; GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement, in his official capacity; U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General of the United States, in her official capacity,

Respondents.

Case No.: 26cv0955 DMS MMP

**ORDER (1) DENYING RESPONDENTS' MOTION TO FILE DOCUMENT UNDER SEAL AND (2) GRANTING PETITION**

This case comes before the Court on the Amended Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse. After

1

reviewing the parties' pleadings, the Court requested supplemental briefing, which Respondents have submitted.[1]

Petitioner entered the United States without inspection on December 22, 2025, after which he was apprehended by Border Patrol agents. (Pet. at 2.) During his initial inspection, Petitioner informed the agents he was a minor. (*Id.*) Despite Petitioner's statements, the agents recorded his age incorrectly, processed him as an adult, and placed him in Otay Mesa Detention Center, which is an adult detention facility, where he remains in custody. (*Id.*)

On January 6, 2026, Petitioner had a credible fear interview, which resulted in a negative finding, and Petitioner was placed in expedited removal proceedings.[2] (*Id.*) On January 14, 2026, Petitioner's counsel filed with the immigration court a motion to vacate the expedited removal order based on Petitioner's status as a minor. (Am. Pet., Ex. B.) On January 16, 2026, the immigration judge held a hearing on the motion, and stated on the record that he believed Petitioner was under the age of 18, and was therefore an unaccompanied minor. (ECF No. 11 at 3.) Based on that finding, the judge granted Petitioner's motion to vacate the expedited removal order and ordered Respondents to place Petitioner in removal proceedings applicable to unaccompanied minors. (*Id.* at 3-4.) On January 20, 2026, Petitioner was issued a second Notice to Appear, which initiated full removal proceedings against him. (Am Pet., Ex. A.) On January 26, 2026, Petitioner submitted supplemental evidence of his age and identity to the immigration court. (*Id.* at

---

[1] The supplemental briefing consists of the transcript of a January 16, 2026 hearing before an immigration judge on Petitioner's case. Respondents move to seal that transcript on the ground it contains "personal identifying information of Petitioner." (Mot. at 1.) However, Respondents fail to specify what information in the transcript falls under that umbrella. Absent more specifics, Respondents have not shown compelling reasons to seal the transcript. Accordingly, their motion to file that document under seal is denied.

[2] If Respondents had credited Petitioner's stated birthdate, he should not have been placed in expedited removal proceedings. *See* 8 U.S.C. § 1232(a)(5)(D)(i) ("Any unaccompanied alien child sought to be removed by the Department of Homeland Security, except for an unaccompanied alien child from a contiguous country subject to exceptions under subsection (a)(2), shall be--(i) placed in removal proceedings under section 240 of the Immigration and Nationality Act (8 U.S.C. 1229a).")

19-29.)  Respondents assert they submitted their own evidence to the immigration court, which contained a dental age assessment for Petitioner, but they failed to provide that evidence to this Court.  (Return at 4.)

On February 16, 2026, Petitioner filed the present case seeking his immediate release from custody, or in the alternative, an order directing Respondents to comply with the governing statutory authority regarding the treatment of unaccompanied minor children and the *Flores* Settlement Agreement.[3]  Petitioner raises three claims:  (1) His detention is governed by 8 U.S.C. § 1226(a), which entitles him to a bond hearing, (2) Respondents have violated Petitioner's due process rights by failing to process him under the statutes governing unaccompanied minor children and the *Flores* Settlement Agreement, and (3) Respondents are violating separation of powers principles.  Respondents argue the Court lacks jurisdiction to consider Petitioner's claims, Petitioner has failed to exhaust his administrative remedies, and Petitioner's detention is otherwise lawful.

Turning first to Respondents' jurisdiction argument, the Court has considered and rejected that argument in numerous cases, and does so again here.  *See*, *e.g.*, *Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025).

On the issue of exhaustion, Respondents fail to cite any authority that would require Petitioner to exhaust the issue of his age in his immigration proceedings.  Even if there was authority to that effect, the facts of this case weigh in favor of waiving the exhaustion requirement.

In *Hernandez v. Sessions*, 872 F.3d 976, 988-89 (9th Cir. 2017), the Ninth Circuit held the prudential exhaustion requirement may be waived if "'the administrative

---

[3] "The 'Flores Settlement Agreement' is a consent decree entered by a federal court in the Central District of California in 1997 which covers 'all minors who are detained in the legal custody of the [Immigration and Naturalization Service].'"  *Immigrant Defs. L. Ctr. v. U.S. Dep't of Homeland Sec.*, No. CV210395FMORAOX, 2021 WL 4295139, at *1 n.2 (C.D. Cal. July 27, 2021).

proceedings would be void.'" (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). Here, the record reflects Petitioner repeatedly asserted he was a minor after he was apprehended by border patrol agents. (Pet. ¶ 70.) Under 8 U.S.C. § 1232(b)(2)(B), Petitioner's claim to minor status obligated Respondents to notify the Department of Health and Human Services ("HHS") within 48 hours that a noncitizen in their custody was "under 18 years of age." Respondents failed to do so, and it appears they have yet to notify HHS that Petitioner remains in their custody. Furthermore, on January 16, 2026, the immigration judge stated he believed Petitioner was "under the age of 18 and is, therefore, an unaccompanied minor." (ECF No. 11 at 3.) At that point, Respondents had an obligation to transfer Petitioner to HHS custody within 72 hours, 8 U.S.C. § 1232(b)(3), which they failed to do. Under these circumstances, the proceedings against Petitioner would be void, and thus exhaustion is not required.

These same circumstances also warrant granting the Petition on the merits. Based on the evidence in the record, Petitioner has shown he is a minor, and thus, his detention is governed by 8 U.S.C. § 1232(b). Respondents obviously disagree that Petitioner is a minor, (*see* Return at 4), but their disagreement does not entitle them to disregard the statutory requirements of § 1232(b)(2) and (3), which require them to notify HHS within 48 hours of any claim that a noncitizen in their custody is a minor and to transfer unaccompanied noncitizen children to the custody of HHS.

For the reasons set out above, the Amended Petition for Writ of Habeas Corpus is granted. Respondents shall forthwith transfer Petitioner to the custody of HHS in compliance with 8 U.S.C. § 1232(b)(3). On or before **April 6, 2026**, the parties shall file a Joint Status Report confirming Respondents' compliance with this Order.

**IT IS SO ORDERED**.

Dated:  March 30, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0955 DMS MMP