# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ANAS ADEN MOHAMED,

                              Petitioner,

    v.

CHRISTOPHER J. LAROSE, Warden of the Otay Mesa Detention Facility, San Diego, California, in his official capacity; et al.,

                          Respondents.

Case No.:  26cv0955 DMS MMP

**ORDER GRANTING RESPONDENTS' MOTION TO CLARIFY ORDER GRANTING PETITION**

This case comes before the Court on Respondents' motion to clarify the Court's March 30, 2026 Order granting the Amended Petition for Writ of Habeas Corpus. Petitioner filed an opposition to the motion and Respondents filed a reply.[1]

In the March 30, 2026 Order, the Court found the evidence in the record supported Petitioner's claim he was a minor, and the Court therefore ordered Respondents to transfer Petitioner from the custody of the Department of Homeland Security ("DHS") to the

---

[1] Before the Court was able to rule on the present motion, Petitioner filed an Emergency Motion to Prohibit Transfer Pending Resolution of the present motion. In light of the present ruling, Petitioner's Emergency Motion is denied as moot.

26cv0955 DMS MMP

Department of Health and Human Services ("HHS").  Respondents complied with that Order and transferred Petitioner to the custody of the Office of Refugee Resettlement ("ORR"), which is part of HHS.

After Petitioner was placed in ORR custody, ORR made a formal age determination regarding Petitioner, finding he was not a minor.  As a result of that finding, Respondents filed the present motion stating ORR no longer has jurisdiction over Petitioner and wants to transfer him back into DHS custody.  Respondents seek clarification from the Court about whether the March 30, 2026 Order "prohibits the return of Petitioner to ICE custody after ORR has made a formal determination that Petitioner is not a minor."

In the Amended Petition, Petitioner argued he was entitled to release from DHS custody due to DHS's "violation of mandatory statutory commands governing unaccompanied children" and its "contravention of the binding Flores Settlement Agreement." (ECF No. 3 ¶ 70.)  Petitioner specifically pointed to Respondents' "fail[ure] to comply with mandatory notice and transfer requirements after Petitioner repeatedly asserted he was a minor on December 22, 2025 and again on December 25, 2025." (*Id.*).  It was that conduct, i.e., Respondents' failure to comply with 8 U.S.C. § 1232(b)(2), that served as the basis for the Court's March 30, 2026 Order directing Respondents to transfer Petitioner to ORR custody.

Respondents have complied with the Court's order, and ORR has now made a formal determination that Petitioner is not a minor.  Petitioner continues to dispute that finding, but that age determination is not presently before the Court.  Indeed, because that age determination was not made until May 28, 2026, it could not have served as the basis for the Amended Petition, which was filed on February 17, 2026.  There is also no claim in the Amended Petition that ORR's age determination violates the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), which appears to be the vehicle for a challenge to ORR's age determination. *See N.B. v. Barr*, No. 19-CV-1536 JLS (LL), 2019 WL 4849175, at *9 (S.D. Cal. Oct. 1, 2019) (addressing claim that ORR's age determination violated the TVPRA); *Imon v. Keeton*, No. CV-20-0037-PHX-DWL (JZB),

2

26cv0955 DMS MMP

2020 WL 4284378, at *4 (D. Ariz. July 27, 2020) (same); *B.I.C. v. Asher*, No. C16-132-MJP-JPD, 2016 WL 8672760, at *5 (W.D. Wash. Feb. 19, 2016) (same).  Absent a challenge to ORR's age determination, there is nothing in the Court's order that prohibits Respondents from returning Petitioner to ICE custody.  Accordingly, Respondents' motion to clarify is granted.

**IT IS SO ORDERED**.

Dated:  June 16, 2026

_____
Hon. Dana M. Sabraw
United States District Judge